Carmen O. PELLICER, aka Carmen Lim Arenas, aka Carmen L. Arenas, aka Carmen O. Lim, aka Carmen L. Pellicer, aka Carmen Arenas, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70698, INS A24–930–281.
INS No. A24–930–281.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Carmen O. Pellicer, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ") denying her motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we grant the petition.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judi-

cial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Pellicer's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *see Kalaw v. INS,* 133 F.3d 1147, 1150–51 (9th Cir.1997).

We review for abuse of discretion the BIA's denial of a motion to reopen. *See Arrozal v. INS*, 159 F.3d 429, 432–33 (9th Cir.1998). The BIA abused its discretion by allowing the IJ to apply the stop-time rule to Pellicer prior to its effective date. *See Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1212 (9th Cir.2001). When the BIA expressly adopts the IJ's findings and reasoning, as the BIA here adopted the IJ's discretionary analysis, this court will review the decision of the IJ as if it were that of the BIA. *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001) (citing *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995)). The IJ abused his discretion by denying Pellicer's motion without adequately weighing the substantial equities in her favor. *See Arrozal*, 159 F.3d at 432–34.

We grant the petition and remand to the BIA with instructions to remand to the IJ. The IJ shall fully consider the equities in Pellicer's favor and shall apply the law as it existed on January 21, 1997.

PETITION FOR REVIEW GRANTED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.